**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0368-23

HSI RUNG NIU-WANG,

    Plaintiff-Appellant,

v.

HILLSIDE ESTATES,

    Defendant-Respondent.

_____

Argued June 18, 2024 – Decided July 3, 2024

Before Judges Berdote Byrne and Vanek.

On appeal from the Superior Court of New Jersey, Law Division, Middlesex County, Docket No. L-1736-22.

John R. Gorman argued the cause for appellant (Lutz, Shafranski, Gorman and Mahoney, PA, attorneys; John R. Gorman, of counsel and on the brief; Randi S. Greenberg, on the brief).

Andrew S. Riso argued the cause for respondent (Hill Wallack, LLP, attorneys; Andrew S. Riso, of counsel and on the brief).

PER CURIAM

Plaintiff appeals from an order dated September 15, 2023 granting summary judgment to defendant in this slip-and-fall personal injury case, urging us to expand the conclusions reached by our Supreme Court in Pareja v. Princeton International Properties, 246 N.J. 546 (2021), and recognize a duty to pre-treat commercial sidewalks when the landowner has actual or constructive knowledge of an impending storm. Having reviewed the record in light of all applicable legal principles, we decline to interpret Pareja as plaintiff requests, and affirm.

I.

We glean the following facts from the summary judgment record, defendant Hillside Estates, Inc. owns and manages Winding Woods Apartments (the complex) located in Sayreville, New Jersey. The complex consists of over 130 buildings with separate parking lots for most buildings. Plaintiff resided at the complex in 2022. On January 4, 2022, at approximately 3:00 p.m., the National Weather Service issued a winter weather advisory for Middlesex County which called for freezing rain with the potential to cause ice accumulation on sidewalks, roads, and bridges in affected areas. No precipitation fell on January 4.

As forecasted, in the early morning hours of January 5, freezing rain coated parts of the complex's exposed walkways and parking lots with a thin layer of ice. Defendant concedes it did nothing to prepare its walkways and parking lots for the storm beforehand; nor did it take any steps to address the icy conditions of its walkways and parking lots after the freezing rain began. At approximately 7:45 a.m., as freezing rain continued to fall, plaintiff left her apartment to go to work. Plaintiff walked towards her car, with one foot on the grass and another on the walkway. When she eventually stepped onto the parking lot, plaintiff slipped on a patch of black ice, fell, and fractured her left ankle. All parties agree the black ice that caused plaintiff's fall formed on January 5, 2022, when drizzle froze as it hit the ground. They also agree plaintiff's injury occurred during the freezing rainstorm.

Defendant moved for summary judgment, which was granted. The Honorable Alberto Rivas found no "independent duty that should be imposed upon commercial landlords to anticipate weather events and plan against them." Judge Rivas noted "those issues were brought before the Appellate Division and the Supreme Court," and the Supreme Court specifically rejected a duty to pre-treat when it adopted the on-going storm rule in Pareja. This appeal followed.

A-0368-23

We review a grant of summary judgment de novo.  Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 528-29 (1995).  A trial court must view a summary judgment motion in the light most favorable to the non-moving party, here plaintiff.  Ibid. See also R. 4:46-1 to -6.  On appeal we apply the same standard.  Statewide Ins. Fund v. Star Ins. Co., 253 N.J. 119, 124-25 (2023).

In reviewing whether a party is entitled to summary judgment as a matter of law, we are mindful "an issue of fact is genuine only if, considering the burden of persuasion at trial, the evidence submitted by the parties on the motion, together with all legitimate inferences therefrom favoring the non-moving party, would require submission of the issue to the trier of fact." Bhagat v. Bhagat, 217 N.J. 22, 38 (2014) (quoting R. 4:46-2(c)).  "The practical effect of [Rule 4:46-2(c)] is that neither the motion court nor an appellate court can ignore the elements of the cause of action or the evidential standard governing the cause of action."  Ibid.

Plaintiff contends defendant owed her the duty of reasonable care to maintain the parking lot in a reasonably safe condition.  She claims the trial court misapplied Pareja because the ongoing storm rule does not preclude the

imposition of liability based upon defendant's lack of action prior to a storm. Plaintiff further argues "the ongoing storm rule as articulated in Pareja does not address whether or not the defendant had a duty to have salted or sanded the parking lot before the storm began. It certainly is not dispositive of that issue." She urges us to reverse the grant of summary judgment and allow this case to proceed before a jury considering the traditional Hopkins v. Fox & Lazo Realtors, 132 N.J. 426 (1993) factors. We disagree.

In 2021, our Supreme Court adopted the ongoing storm rule, concluding a commercial defendant has a duty to address snow and ice accumulations in its parking lots and pathways only after a reasonable time following a storm. See Pareja, 246 N.J. at 554-56 (detailing the evolution of sidewalk liability in snow and ice accumulation cases). The expert report submitted by the plaintiff in Pareja specifically opined the defendant "could have successfully reduced the hazardous icy condition by pre-treating the sidewalk with standard anti-icing and de-icing materials" and the defendant "knew or should have known" about the winter weather advisory that was in effect because it had been issued over twenty-four hours before the accident occurred. Id. at 550. The Court rejected the plaintiff's argument, reasoning it did "not wish to submit every commercial landowner to litigation when it is not feasible to provide uniform,

clear guidance as to what would be reasonable" Id. at 557.  It specifically rejected the notion that all a landlord needed to do to avoid liability was spread salt, reasoning that remedy "ignores the diversity of storms a landlord may confront and that measures like spreading salt in a heavy snowstorm or ice storm can be ineffective or even enhance the danger, thus imposing an untenable duty of care on landlords." Id. at 557 n.1.

The facts in Pareja are analogous to the present matter.  We agree with the trial court's conclusion there is no genuine issues of material fact.  The uncontradicted testimony reveals plaintiff fell during the ice storm.  Plaintiff did not assert any ice or precipitation was present before the storm.  On the contrary, she concedes the ice formed during the storm.[1]  The issue before the trial court was whether defendant had a duty to pre-treat the parking lot before and during the storm.

In addition to her previously discussed assertions, plaintiff posits, that the Supreme Court's recent holding in Padilla v. Young II An, ___ N.J. ___ (2024), decided one week before oral argument in this matter, supports her argument. Plaintiff contends the Court in Padilla signaled a desire to expand a

---

[1]  Plaintiff does not argue her case falls within either exception expressed by the Supreme Court in Pareja.

A-0368-23

landowner's common law duty of care to maintain public sidewalks and walkways. Therefore, we should consider acknowledging, for the first time, a duty to pre-treat sidewalks and walkways when there is actual or constructive knowledge of an impending storm. However, we are bound by Supreme Court precedent. <u>Pareja</u>, 246 N.J. at 557 ("[C]ommercial landowners do not have the absolute duty, and the impossible burden, to keep sidewalks on their property free from snow or ice during an ongoing storm.") In adopting the ongoing storm rule, the Supreme Court specifically declined to exclude liability where landowners had actual or constructive knowledge of an impending storm.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0368-23